## Philadelphia National Bank v. Farrier

*Thomas J. Harper,* for plaintiff.
*Paul L. Kutcher,* for defendant.

RODGERS, *J.,* January 18, 1988—This matter is before the court on the petition of plaintiff, Philadelphia National Bank, as trustee for Pennsylvania Housing Finance Agency, to strike from the record the statement of material facts filed by Foreclosure Investments Inc.; to strike from the record the substitution of defendant, Gerald D. Farrier, by Foreclosure Investment Inc.; and to strike from the record the answer to the complaint and mortgage foreclosure filed by Foreclosure Investments Inc.

For reasons hereinafter stated, the petition of plaintiff is granted and the rule to show cause made absolute after consideration of the record and the briefs and arguments of counsel.

About February 9, 1983, defendant-mortgagor, Gerald Farrier, along with his wife, Kathy Ann Farrier, executed a note and mortgage to the Washington Federal Savings and Loan Association in the amount of $44,100, which mortgage was recorded for a residential dwelling in Nottingham Township in this county.

Washington Federal assigned and transferred its interest to plaintiff, Philadelphia National Bank, as trustee for the Pennsylvania Housing Finance Agency, which assignment was also recorded.

On August 30, 1986, Kathy Ann Farrier died, thereby vesting title to the property in defendant-mortgagor, Gerald D. Farrier, as the surviving tenant by entireties. Plaintiff commenced a mortgage foreclosure action against defendant-mortgagor, Farrier, about September 22, 1987, alleging a de-

fault in monthly installment payments between July 1986 and September 1987 of all monthly installment payments due.

The complaint was duly served on defendant, Farrier, on November 2, 1987, at the subject premises. No pleading has been filed by defendant, Gerald D. Farrier.

On November 5, 1987, Foreclosure Investment Inc., filed a statement of material facts supporting right of substitution, alleging that by deed dated November 3, 1987, it had acquired all the right, title and interest of Gerald D. Farrier to the subject property for $200; attached was a copy of the quit claim deed purportedly signed and acknowledged by Farrier. Foreclosure Investment averred that by reason of Pa.R.C.P. 2351 it was a successor to the interest of the original defendant, and under Pa.R.C.P. 2354 it was entitled to all the rights and liabilities of the original defendant.

On December 7, 1987, Foreclosure Investments filed its answer to the complaint admitting default by defendant, Farrier, stating that it was without sufficient knowledge to form a belief as to the actual arrearages under the agreement. Foreclosure denied that plaintiff was entitled to an attorney's commission of $2,200.66, because it was entitled only to reasonable attorney's fees. Foreclosure also denied that it has sufficient knowledge to form a belief as to the truth of the averments that plaintiff had given fair and timely notice of the proceedings.

On December 28, 1987, plaintiff filed the petition for rule to show cause presently under consideration by the court, returnable to January 11, 1988. Plaintiff and Foreclosure Investments have filed briefs in support of their positions.

Plaintiff claims that defendant Gerald D. Farrier is an indispensable party to this proceeding since he

has not been released from personal liability and that Foreclosure Investments Inc., is not a successor in interest of Gerald D. Farrier, because it has assumed no personal liability, is not a real owner, or terre-tenant, and its rights may be fully protected in the execution proceedings on the mortgage foreclosure.

Foreclosure maintains it is a successor in interst to Gerald D. Farrier, and .a terre-tenant and that it cannot protect its interest in the subject premises unless it is substituted as a party defendant for Gerald D. Farrier.

22 Standard Pa. Practice 2d Sec.121:39 says this at page 478:

"The plaintiff in an action or mortgage foreclosure must name the mortgagor as a defendant. However, it is not necessary to make a deceased mortgagor a party.

· "However, it was held, under the earlier practice, that the failure by plaintiff to join the mortgagor, where he was not the terre-tenant but was not released from personal liability, did not invalidate the foreclosure, and the terre-tenant could not defend against the foreclosure on the ground that the mortgagor had not been joined and served. And it has been suggested that, since the Pennsylvania Rules of Civil Procedure governing the action of mortgage foreclosure do not change the principle of the earlier practice, the rule of the earlier practice should continue.

"It has been held that whenever the mortgagor will be liable on his bond in case the land is not of sufficient value to pay the debt, he should be allowed to defend in an action of mortgage foreclosure."

It is clear from the record that at the time plaintiff commenced its action, Gerald Farrier was both the

real owner and the mortgagor, and that he has not been released from personal liability. Pennsylvania R.C.P. 1144 clearly requires that plaintiff name as a defendant, the mortgagor and the real owner of the property with the proviso that the mortgagor need not be joined if plaintiff in his complaint releases the mortgagor from liability for the debts secured by the mortgage. Plaintiff here has not released Farrier as the mortgagor, and he must remain as a party.

This is especially true since Foreclosure Investments has not assumed payment of the mortgage and has assumed no personal liability.

Further, it has been held that the alleged purchaser from the registered owner of the mortgaged premises who holds an unrecorded agreement of sale is not a "real owner" of the mortgaged property. *Bradley v. Price,* 17 D. & C. 2d 368 (1958), affd. 396 Pa. 234, 152 A.2d 904 (1959).

It is clear from the foregoing recital that it is not true as claimed by Foreclosure that it has succeeded to all of the liabilities of Gerald Farrier, because it has assumed no personal liability on the bond and mortgage executed by Farrier.

Even if it is assumed that by virtue of the quit claim deed from Farrier to Foreclosure, Foreclosure is now a terre-tenant, it has not stepped into the shoes of Farrier and assumed all of his liabilities as contemplated by Pa.R.C.P. 2351 et seq. Plaintiff claims that Foreclosure's interest is fully protected in the execution proceeding that may follow. This court finds it unnecessary to rule on this contention at this time. Nor has Foreclosure sought to intervene as an additional party by petition pursuant to Pa.R.C.P. 2326 et seq. It is apparent that Gerald D. Farrier must remain as a defendant, and Foreclosure Investments Inc., cannot become a party sim-

ply by advancing $200 to defendant, Farrier, and securing a quit claim deed.

## ORDER

And now, this January 18, 1988, the petition of plaintiff, Philadelphia National Bank, as trustee for Pennsylvania Housing Finance Agency, is granted and the rule to show cause made absolute.

The statement of material facts and answer to the complaint in mortgage foreclosure filed by Foreclosure Investments Inc., are stricken from the record. The substitution of Foreclosure Investments Inc., as a successor defendant to Gerald D. Farrier is stricken and set aside, and Gerald D. Farrier is reinstated as defendant in this matter.